## Case No. 7,490.

### JONES et al. v. The RATLER et al.

[Taney, 456.] [1]

Circuit Court, D. Maryland. Nov., 1841.

[1] [Reported by Richard Peters, Jr., Esq.]

[1] [Reported by James Mason Campbell, Esq., and here reprinted by permission.]

D. Stewart, for appellants.
R. Johnson, for appellees.

TANEY, Circuit Justice. The libel in this case was filed in the district court for the district of Maryland, against the brig Ratler, to recover the value of necessary materials, furnished by the libellants, for the purpose of fitting her out, at the port of Baltimore; the libel charging that she was a foreign vessel, the owners residing in the city of New York.

The claimants admit, in their answer, that they became the owners of the brig on the 19th day of April, 1834, and that they reside in New York, and insist, that the materials furnished after they became owners, was a very small amount, if any; and they insist, that they were furnished on the personal credit of the master, under whose charge the brig was fitted out. Various items, necessary for the equipment of the vessel, are charged in the libellants' account, which begins on the 21st of February, 1834, and ends on the 15th of July in the same year.

The evidence offered, proves that the vessel was owned by William H. Trott, of the city of Baltimore, until the time mentioned in the answer of the claimants, and the materials furnished during that period are, consequently, no lien upon the brig.

But the claimants, having admitted in their answer, that they became the owners of the brig on the 19th of April, 1834, and were residents of the city of New York, and that the materials were furnished at the request of the master, under whose charge the vessel was fitted out, the materials furnished during that period are, undoubtedly, a lien upon her, unless the claimants can substantiate their allegation, that they were furnished on the credit of the master; the burden of proof, as to this fact, is on them. The

only witness who testified to this fact, is the master himself; but·every witness examined, proves him to be unworthy of credit on oath; this testimony, therefore, must be disregarded. The conversations with one of the libellants, as given in evidence by another witness for the claimants, show no intention to waive any lien the libellants had on the brig.

The books of the libellants have been called for, and used and made evidence by the claimants, and they show that necessary materials of the value of eighty-one dollars and thirty-six cents, were furnished after the claimants became owners; and allowing them a credit of tén dollars for an old anchor, as proved by the testimony, a balance of seventy-one dollars and thirty-six cents was due for these materials on the 15th of July, 1834, which is a lien upon the vessel; and the court proceed to decree accordingly. The brig, it appears, was delivered, upon stipulation, to the claimants by the district court.

Decree for $71 36, each party paying their own costs.